## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

LYNN R. PRIER,

      Plaintiff,

      v.                                Case No. 14-2240-JAR

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff's Motion for Approval of Attorney's Fees (Doc. 18), which seeks attorney's fees in the amount of $7,080.00, pursuant to 42 U.S.C. §406(b). Defendant does not object. For the following reasons, the Court grants Plaintiff's motion for attorney's fees and awards reasonable attorney's fees of $7,080.00. The Court also orders Plaintiff's counsel, Roger M. Driskill, to refund to Plaintiff the smaller fee amount ($5,750.00) that he received under the Equal Access to Justice Act ("EAJA") after Mr. Driskill receives his $7,080.00 in attorney's fees from the Commissioner.

## I.      Background

Plaintiff retained counsel on or about July 28, 2011 after entering into a contingent-fee agreement of 25% of all retroactive benefits. After Plaintiff's claim was denied at all administrative levels, Plaintiff sought judicial review in this Court. This Court reversed the decision of the Commissioner, and remanded the case to the Commissioner. This Court also awarded attorney's fees under the EAJA in the amount of $5,750.00.

Upon remand, Plaintiff was found disabled, and the Commissioner awarded Plaintiff total past-due benefits and withheld 25%, $13,080, for attorney's fees.

The Commissioner does not object to Plaintiff's Motion for Approval of Attorney's Fees.

## II.     Legal Standard

Title 42 U.S.C. § 406(b) provides that "[w]henever a court renders a judgment favorable to a claimant . . . the court may determine and allow as part of its judgment a reasonable [attorney] fee . . . not in excess of 25 percent of the total of the past-due benefits." This statute allows courts to award fees based on a contingent-fee agreement, but the court must act as an independent check on such agreements to assure that they satisfy the statutory requirement of yielding a reasonable result in particular cases.[1] Fees may be awarded when a plaintiff is awarded past due benefits after the court has remanded for further administrative proceedings.[2] The amount of the fee award is left to the Court's sound discretion.[3]

In determining whether or to what extent the contingent fee agreement is reasonable, the Supreme Court has directed courts to consider several factors in determining whether the fee award should be reduced.[4] The court should consider whether: (1) the representation was substandard; (2) the attorney was responsible for delay; and (3) the benefits are large in comparison to the amount of time counsel spent on the case.[5]

## III.    Discussion

Applying the *Gisbrecht* factors, the Court concludes that the requested attorney's fees of $7080, which is 25% of the award of the past-due benefits, is reasonable. First, after well representing Plaintiff for five years, counsel obtained a favorable result for Plaintiff—eight years of past-due benefits. And, the Court finds no evidence that counsel was responsible for any

---

[1] *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

[2] *McGraw v. Barnhart*, 450 F.3d 493, 503 (10th Cir. 2006).

[3] *Id.* at 505.

[4] *See Gisbrecht*, 535 U.S. at 808.

[5] *Id.*

delay in this case.  Moreover, the requested fees represent 33.7 hours at an effective hourly rate of $210.09.  Both the hourly rate[6] and the time expended[7] are well within the range of fees determined to be reasonable by judges in this District.

Consistent with *Gisbrecht*,[8] this Court is mindful that it should not award "windfalls for lawyers" such that when "the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order."[9]  But here, the Court concludes that the fees are reasonable under the *Gisbrecht* factors.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Plaintiff's Motion for Attorney's Fees (Doc. 18) is granted.  Plaintiff's attorney, Roger M. Driskill, is entitled to $7,080.00 in fees under 42 U.S.C. § 406(b). The Commissioner shall pay the fees from the amount which she is withholding from Plaintiff's past due benefits.  The Commissioner shall pay the remainder of the withheld benefits to Plaintiff.

**IT IS FURTHER ORDERED THAT** plaintiff's counsel, Roger M. Driskill, shall refund to Plaintiff $5,750.00, which he received as fees under the EAJA, after he receives $7,080.00 in attorney's fees from the Commissioner.

---

[6]  *See Duff v. Colvin*, No. 13-2466-DDC, 2016 WL 3917221, at *2 (D. Kan. July 20, 2016) (approving fees that represented an hourly rate of $358.50); *Roland v. Colvin*, No. 12-2257-SAC, 2014 WL 7363016, at *1 (D. Kan. Dec. 23, 2014) (approving fees at an effective hourly rate of $346.28); *Bryant v. Colvin*, No. 12-4059-SAC, 2014 WL 7359023, at *1 (D. Kan. Dec. 23, 2014) (approving fees at an effective hourly rate of $418.28); *Vaughn v. Astrue*, No. 06-2213-KHV, 2008 WL 4307870, at *1–2 (D. Kan. Sept 19, 2008) (finding a fee with an effective hourly rate of $965.24 was "exorbitant" and reducing the award to an effective hourly rate of $344.73); *Smith v. Astrue*, No. 04-2196-CM, 2008 WL 833490, at *2 (D. Kan. Mar. 26, 2008) (finding an effective hourly rate of $389.61 within the range of hourly rates in similar cases in this district).

[7]  *See Russell v. Astrue*, 509 F. App'x 695, 696 (10th Cir. 2013) (deciding counsel spent 28.1 hours); *Duff*, 2016 WL 3917221, at *2 (concluding counsel spent 34.3 hours); *Roland*, 2014 WL 7363016, at *1 (observing that counsel spent 30.5 hours); *Smith*, 2008 WL 833490, at *2 (concluding counsel spent 38.5 hours representing the plaintiff over the course of 10 years).  *But see Strong v. Colvin*, No. 12-4120-DDC, 2015 WL 7451176, at *2–3 (D. Kan. Nov. 23, 2015) (approving an effective hourly rate of $793.31 on the basis that counsel was highly experienced, practiced only Social Security disability law, and expended only 16.5 hours, much fewer hours than is typically spent by less experienced counsel).

[8]  *Gisbrecht*, 535 U.S. at 808.

[9]  *Id.*

**IT IS SO ORDERED.**

Dated: December 15, 2016

                                                S/ Julie A. Robinson
                                                JULIE A. ROBINSON
                                                UNITED STATES DISTRICT JUDGE